This is 22-2100 United States v. Nunez-Carranza and Mr. Smith again. Grant Smith, again, hearing for Mr. Nunez-Carranza. The single issue in this case is whether the district court committed reversible error when it failed to explain why it was rejecting Mr. Nunez's request for a variance. It did. As this court has made clear, there is a procedural requirement that a district court must state reasons for its rejection of a party's non-frivolous motion for a non-guideline sentence. Here, there is absolutely no explanation contained in the record. All that the court said before imposing the sentence was that it had considered the 3553A factors. But that's insufficient to provide a justification or a reason for its rejection of the variance. Well, didn't he say he considered the pre-sentence report, too? To start the hearing, the court said that it had read the pre-sentence report. But again, that's not a reason for why the court rejected the variance. It's merely a statement as to the court's preparation for the sentencing hearing. The record as a whole reveals no explanation, no reason. The court just says okay when the variance request is made. For that reason, the court plainly erred. Why wouldn't this also be a situation, though, of invited error? You know, counsel was there, you know, participated in this hearing. You know, we have plain error for sure, but, you know, in a sense this also may be smacks of some strategic refusal to ask the court for more explanation. Can't we go down that road? I don't think so. I mean, these sorts of failure to explain claims are routinely reviewed for plain error. We concede that counsel should have objected in order to preserve it. And frankly, the U.S. attorney there should have stood up and asked for more, it seems to me. Some sort of clarification as to why the court was going down this path. But, you know, I don't think it's fair to say that he intentionally relinquished this claim or that he was conceding, you know, yes, no explanation needs to be given. I mean, that's contained in the statute that Congress has commanded that a court explain its reasons at sentencing for imposing a given sentence. Well, you know, I think you have a strong argument on the explanation in our case law. But, you know, the sentencing hearing wasn't very long. It's, what, 15, 20 pages of transcript, which I've looked at. And, you know, there is a colloquy between the court and counsel. There's a discussion of his previous crimes. There's a discussion that he committed crimes when he was older. You know, and to me, if you connect the dots a bit, you can see why the, and how the court ended up where she did at the end of the hearing. And, you know, there's certainly not an optimal record. But, you know, can't we as a reviewing court discern the basis for the sentence, the rejection of the request for variance? I would say no for two reasons. First, just the language in Sanchez-Juarez, you know, a procedural requirement that the court state reasons. There's not, whether there's speculation or inferences to be drawn, it has to state its reasons. And so the court's discussion of Mr. Nunez's criminal history isn't a reason. It doesn't say this is the reason why I'm rejecting your request for a variance. So to just compare this transcript against the standard announced in Sanchez-Juarez, it doesn't reach that level. And so that's why plain error occurred. There is no reason given by the district court. And, you know, unless there's additional questions about what Sanchez-Juarez or that established requirement, I would like to turn to the third problem as to the plain error review. And, you know, our position is that this is the type of error where there is per se prejudice or structural error. And I think Bustamante-Conch has details that these are sort of inartful terms, and I would want to be candid and say that, you know, there are circumstances where prejudice could never be established. As Bustamante lays out, if you're given a statutory minimum sentence, there's not going to be any prejudice. There's no reason to remand in that case. But in every other case, prejudice should be presumed, and that's because these sorts of errors, it's just too difficult for a defendant to prove that they were harmed by it. In most cases, you're just not going to know whether harm occurred because the error is that there was no explanation given. So we just don't know. I've got the transcript here, so let me read that before I pursue this line of inquiry. Well, is there a case that stands for the proposition of structural error in this context? I mean, that's really an uphill battle in just about every field. Why would you think that ultimately the Supreme Court would apply structural error in sentencing matters? I think it fits nicely in the areas that this Court has already found these types of structural errors, namely in Clark with the sentence where there was no statutory maximum, no guideline range, with Bustamante-Concha's, which was an allocution error where they assumed prejudice or presumed prejudice. So in this case where there's a variance request, I think that's pretty analogous to both of those situations. Do you think without presumed prejudice, do you prevail? Yes. I think in most cases, no. These types of errors are going to be extremely difficult. I think the distinguishing feature in this case is that you have this demonstrated lack of familiarity with this individual client. I mean, as you know, this is a very short sentencing hearing. The change of plea hearing was very short. The Court comes in and misrepresents what their perception of the criminal history is. There's this misspeaking of the guideline range. It's just not sort of the attention or individualized focus that should happen when you're taking away someone's liberty. So I think in this case, if the Court had been forced to meaningfully consider these circumstances of Mr. Munoz, there's at the very least a reasonable probability that it would have changed its mind if it had to articulate its reasons. Really, like you said, this is a short, simple case, unless there's any additional questions. And you'd say Clark and Sanchez would be the way you'd hang your hat on? Sanchez as to plain error. Clark and Bustamante-Conchez as to the per se prejudice or structural error. Okay, got it. All right, let's hear from the government then. Ms. Walters, welcome. Good morning. May it please the Court, Tiffany Walters for the United States. The District Court's general explanation for its bottom-of-the-guideline sentence was not plainly procedurally unreasonable here. Because we're dealing with a within-guideline sentence, the Court is only required to state general reasons for the sentence it imposes. Here, the record reflects that the District Court considered whether a guideline sentence would conform to the 3553A factors under the particular facts in Mr. Munoz's case. The Court listened to the party's arguments, considered his criminal and immigration history, considered his family circumstances, and provided a general explanation for its guideline sentence. And if we look at the record, we can discern why the District Court imposed the sentence that it did. The Court started the hearing by stating, I have some concerns that it seems like Mr. Munoz gets removed after serving time in prison, and then comes back pretty much immediately. After discussion about the 2003 conviction, and after Mr. Munoz discusses his request for downward variance, the Court returns back to this immigration and criminal history and says, Am I right, though? He was removed in 2007. Then he came back and committed a crime mid-2008. Then he was removed right after his prison term. Then he came back in the next year, in 2010, and he had another re-entry then. Then he had the 2011 trafficking crime. He was released on that in September 2021. And then he came right back? And then Defense Counsel confirmed that that was correct. The Court, in imposing the sentence, adopted the PSR's factual findings, stated that it was considering the 3553A factors, and in imposing the sentence, it provided a general explanation, stating the defendant illegally re-entered the U.S. after having been previously deported, subsequent to a felony immigration conviction, aggravated felony conviction, and imposed the bottom of the guideline sentence. Now, Mr. Munoz says that that's nothing more than a recitation of the offense conduct. But, in fact, he was charged with re-entry after removal, and the convictions weren't part of the elements that the government had to prove below. But there really was no explicit engagement on the request for a variance. I understand the contextual argument you're making, but Judge Strickland never came out and said, I'm rejecting that because, and our cases suggest that's sort of the bare minimum. We don't have a bare minimum. Well, that's not the bare minimum, I think, under this Court's cases, in the context of a within-guideline sentence. Mr. Munoz points to Sanchez-Juarez, but after Sanchez-Juarez, we have this whole line of cases in which the Court has limited Sanchez-Juarez to its facts. And Ruiz draws us, the Court makes clear that the District Court can functionally reject a request for a variance when it imposes a guideline sentence. Now, for above- or below-guideline sentence, we're in a different realm of explanation that's required. But for a guideline sentence, the actual imposition of the guideline sentence is a functional rejection of the request for the variance. And, in fact, Sanchez-Juarez predates Rita, the Supreme Court's decision in Rita. And I'd like to point the Court to the facts of that case, because I think they're quite similar to what we have here. In Rita, the defendant had made a request for a downward variance based on three specific bases. His medical conditions, vulnerability in prison, and his military service. And throughout the dialogue during the sentencing hearing, you can see the District Court engaging with these and acknowledging them. But in the end, the Court didn't parse these arguments. It didn't explain specifically why it was rejecting and why the downward variance wasn't warranted on these three grounds. The Court simply said it felt that the guideline sentence that it posed was, quote-unquote, appropriate. And the Supreme Court said that the need for an explanation is going to vary by the facts of the case. And in a case that is that simple, that was sufficient. And similarly here, the facts are not complicated. The District Court was, in fact, familiar with the record. The Court was able to recite the dates, the convictions, the reentries, the deportations. This was not a case in which the Court reflexively imposed a guideline sentence. And one of the reasons that we know this is we look to the beginning of the hearing and the Court is, from the start, considering whether a variance would be appropriate, albeit based on different grounds than what Mr. Munoz proposed. So we know the Court is not just slapping a guideline sentence on it and moving on. It's considering whether or not, under the particular circumstances of this case and the facts of his convictions, a guideline sentence is appropriate. One thing that, as I mentioned earlier, we have counsel for the defendant in the United States and we're here on appeal now on inadequate explanation. In a three-second, raise your hand, both defense counsel and the government, your trial colleagues could correct these errors and avoid these types of appeals. I know it's not your fault as an appellate lawyer, but when you meet with your colleagues and you get something like this, it's a very simple thing to correct the record, it seems to me. And I will take that. And I've been to Las Cruces. I've watched sentencing. I know it's a high-volume situation, but still, the defendant deserves the explanation. Absolutely, Your Honor. I would just clarify again, because we're in a guideline sentence situation, that that bar is a lot lower. And so I don't think that it would have been clear to the government attorney at sentencing that there was any error in explanation that fell below, albeit limited bar for a guideline sentence. All that's required is general reasons. The court just needs to make clear that it's considered the 3553A factors and is imposing this guideline sentence. And from this record, I think that can be discerned. And post Sanchez-Juarez, this court has 15 years of case law that has repeatedly rejected the idea that the district court must expressly address every request for a downward variance, and stating that the district court can functionally reject it. And I know Mr. Nunez, in his reply brief, has suggested that perhaps that whole line of cases is misplaced and Sanchez-Juarez set forth the correct rule. But if that is, in fact, true, then I would argue that the state of the law is in no way clear, plain, or obvious. And so, on plain error of view, he cannot prevail because we have 15 years of precedent that says that what the district court did here, albeit limited, was okay. It met the bar, the bar for the explanation required for a guideline sentence. I'm just suggesting raise the bar a little bit and everybody's better off. I appreciate that. So you recited some of the statements the district court made before the court said, now here's my sentence and my reasoning. What authority is there that we can get the reasoning of the court beyond what the court says, here's my reasoning for the sentence, by looking back at earlier statements made in the transcript? I would point this court to Rita. In Rita, the Supreme Court looked to the dialogue that was going on. Not so much for the, well, it was an adequacy of explanation case, but the court looked to whether or not the judge had considered and listened to the arguments of the parties and was engaged and entertained those arguments. And that is part of the sentencing record. So we know that that is part of what this court can consider. But even in imposing sentence, the district court did, in fact, that last statement that I read off, the defendant illegally reentered the United States after having been previously deported subsequent to felony immigration conviction and aggravated felony conviction. That was two lines up from imposing the sentence. That was the district court's explanation. So I think with that combined with the discussion throughout the record of the district court's questioning, it's pretty clear what the general reason was for the district court's decision. And we do know that the district court was engaging and listening to Mr. Nunez. While it may not have explained, to consider is not the same as to explain. And so we know because the court is, as this court is today, was hearing the arguments, was asking questions, was getting answers from Mr. Nunez and his counsel, and then asking follow-up questions that were relevant to what was being raised. So we can see the district court's thought process unfolding throughout the course of the hearing. And then that ends in imposing this bottom-of-the-guideline sentence. And if there's no questions further on the error, I'd like to move to prong three in prejudice. I think on this record, there's no reasonable probability that the defendant could show a likelihood of a lesser sentence had the district court offered further explanation for its sentence. Here we have nothing in the record that would suggest that the district court didn't understand the facts of this case. The district court itself was going through the PSR. I know Mr. Nunez points to the first discussion of the 2003 conviction, but that issue as to whether or not that conviction would just involve marijuana or also involve meth was clarified in the course of the hearing, and Mr. Nunez doesn't point to any misunderstanding that the court had after that clarification consulting the PSR. The other issues that Mr. Nunez points to, the reference to convictions in his 40s, the court, after making that general statement, goes specifically and identifies the conviction that she's talking about, and the court's able to do that, to say that it's talking about the possession of drugs in jail when he's 42. So from all of that, we can see that the district court considered, understood the record, and imposed this guideline sentence. And importantly, the government at the hearing had argued for a bottom-of-the-guideline sentence because Mr. Nunez had been previously sentenced to 46 months for illegal reentry, served that sentence, was deported, and returned just one month later. And that is the reentry offense that we're here on. And so the government argued that if a 46-month sentence was insufficient to deter the defendant from returning to the United States again, a sentence of 51 months at the bottom of the guidelines range was warranted, because that's just a few months beyond what he was previously sentenced to, and that wasn't sufficient. And what was he asking for with his variance? He didn't identify a specific number. He just asked for a downward variance. And I would also point the court to Ruiz-Giraz, that's where this court found no reasonable probability of a different outcome for the exact same reason, because the requested downward variance was only a few months above the sentence that the defendant had previously received done in the illegal reentry offense. And this court found that there's no reasonable probability that the court would have varied, in that case, down to a few months above. And in this case, the court was only a few months above as well. Finally, to reach the question of structural error, this court in Mendoza specifically addressed the plain error requirements and found that although it interpreted that the government had apparently asked for the court to assume prejudice without a specific showing on prong three, the court rejected that argument. So that would turn plain error review on its head, and the court held the defendant to demonstrating its burden on prongs three and four. That precedent is binding on this court, and merely terming the argument in terms of structural error isn't sufficient to allow this court to reconsider that precedent. Structural error is not a magical term. The Supreme Court in Weaver said there's nothing talismanic about it. It's simply the type of error to which harmless error, plain error prejudice review doesn't apply. And that is not the case here. Mr. Nunez also pointed to Clark. Clark distinguished this sort of case. Clark was a case in which there was no guideline range, there was no offense level, and the statutory maximum was life in prison. There were no parameters to the district court's discretion, and yet the district court provided no reason for its sentence. This case is entirely different because we have the benefit of an offense level, we have the guidelines, we have a guideline range, and all of that provides a workable framework from which this court can evaluate the reasonableness of the court's sentence and understand the reasons for imposing the sentence on top of the reasons that the court affirmatively provided at the hearing. So if there's no further questions on structural error, the United States would ask the court to affirm. All right, counsel. Appreciate your arguments. And Mr. Smith, a little bit of rebuttal if you'd like. Thank you. A few points. As to the government's statement that the court just has to provide general reasons, that's true in the context of a guideline sentence when no variance request is made. So something additional has to be explained when a defendant asks for leniency. And that additional statement or reasons is what's laid out in Sanchez-Juarez. To the extent that there's subsequent cases that conflict with Sanchez-Juarez, the plain error analysis proceeds as step one, this court has clearly established that first in line controls if there's any conflicting cases down the road. That's plain. And so it's plain that Sanchez-Juarez is the first case and it lays out this procedural requirement that a court must state its reasons when rejecting a variance request. So the law is established. This confusion that follows, I think it's important to consider that this isn't scoring the district court. It's probably an understandable mistake, but that doesn't mean that the error isn't plain. Second is the government relied on the court's statement before imposing a sentence about he committed this offense prior to sustaining aggravated felonies. That's just from the indictment. So that's just a recitation of the crime. Essentially what the court is saying is, I'm giving you this sentence for illegal reentry because you illegally reentered America. That's not a statement of reasons for why it was rejecting the variance request. And just lastly, to address Mendoza, I think we pointed this out in reply, but the idea of per se prejudice was never presented by either party in the briefing. I went back and looked at the briefs in that case, and so per se prejudice wasn't that issue in this case, so any comment about per se prejudice would be dicta. It wasn't essential to the court's holding in Mendoza. A lot of our cases have moved away from any magic words requirement. Why isn't your position here a variation on a magic words argument? I think what's important and distinguishable when you're talking about a variance is that when it's a guideline sentence with no variance request, they presume that the guideline sentence was accurate, and so no magic words are required. If a variance request wasn't made here, we wouldn't have a case. What's different is that when a variance request is made, a court has to make clear that it wasn't just tethering itself to the guidelines and just anchoring what's the word of it. There's some great quote in our briefs of not doing the dirty work but just essentially running with whatever the guidelines say. So that presumption goes out the window at that point because the very purpose for the reasons for rejecting the variance is demonstrating that you're not just tethering yourself to the guidelines. So that's why more is required in this context. For these reasons, we would ask to reverse remain for new sentencing. All right, counsel, thank you very much. We appreciate fine arguments. You're excused. The case is submitted.